IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| NEW WEST MACHINE TOOL CORPORATION,<br><br>      Plaintiff,<br><br>vs.<br><br>WILLIAMS INTERNATIONAL COMPANY, LLC,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No.  2:09CV00425DAK |

This matter is before the court on Defendant Williams International Company, LLC's ("Defendant's") Motion to Dismiss pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the alternative, a Motion to Stay pending a decision from the United States District Court for the Eastern District of Michigan on a Motion to Compel Arbitration currently before it. The court held a hearing on Defendant's Motions to Dismiss or Stay on September 22, 2009. At the hearing, Plaintiff was represented by Vincent C. Rampton, and Defendant was represented by Michael E. Blue. The court took the matter under advisement.  Having heard arguments, fully considered the motion, memoranda and declaration submitted by the parties and the facts and law relevant to this motion, the court GRANTS Defendant's Motion to Stay, DENIES Defendant's Motion to Dismiss and enters the following Order.

## BACKGROUND

Plaintiff New West Machine Tool Corp. ("Plaintiff") is a Utah corporation organized and

existing under the laws of the state of Utah, having its principal place of business in West Jordan, Utah. Defendant is a limited liability company organized and existing under the laws of the state of Michigan, having its principal place of business in Walled Lake, Michigan. Plaintiff filed this action alleging that Defendant breached two Purchase Orders ("POs") for the purchase of manufacturing machinery, one in 2007 and one in 2008. Both parties agree that the 2007 PO contained a mandatory arbitration clause whereby all disputes arising out of or in connection with the PO be resolved by binding arbitration in Michigan. The 2008 PO allegedly contained a similar arbitration provision. Plaintiff disputes the enforceability of both the 2007 and the 2008 provisions and additionally disputes whether the arbitration provision was even part of the 2008 PO. Plaintiff has filed an action in this court, alleging breach of contract, breach of covenant of good faith and fair dealing, declaratory judgment, an action for price under the UCC, and tortious interference.

## DISCUSSION

### Defendant's Motion to Stay

Defendant argues that this action should be stayed pending the Michigan court's decision on a motion to compel arbitration, citing the Federal Arbitration Act ("FAA'), 9 U.S.C. §§ 3–4. The Tenth Circuit has said that "[a] district court lacks authority to compel arbitration in other districts, or in its own district, if another has been specified for arbitration." *Ansari v. Qwest Comm. Corp.*, 414 F.3d 1214, 1219–20 (10th Cir. 2005). Additional language from *Ansari* provides:

> The prohibition on extrinsic orders affecting arbitration thus is clear both from the language of § 4 itself, prescribing a geographic nexus between the arbitration and the court issuing an order to compel, and *the case law which has interpreted this as a directive to courts to abstain from controlling intervention in arbitration proceedings outside their district.* The legislative history of the FAA, albeit sketchy and incomplete, lends additional credence to this view.

*Id.* at 1220 (emphasis added). In this matter, the POs' arbitration provisions specify Oakland County, Michigan as the location where the arbitration is to take place. Pursuant to the *Ansari* precedent, the court is prohibited from any controlling intervention with respect to the arbitration provisions. Additionally, the court can rely on its inherent power to stay a matter for the sake of judicial efficiency. *Pet Milk Co. v. Ritter*, 323 F.3d 586, 587 (10th Cir. 1963) ("the district court has the inherent power to stay proceedings pending before it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants'") (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). Moreover, during oral argument, counsel for Defendant conceded that, having reviewed the facts of the case, issuing a stay rather than dismissing the matter was probably the more appropriate course of action.

Plaintiff argues that FAA § 3 requires any court that would order a stay to first determine whether the claims at issue were referable to arbitration, and further contends that the arbitration provisions are not enforceable for a variety of reasons.[1] While Plaintiff's reading of section 3 alone is reasonable, reading sections 3 and 4 together in conjunction with the *Ansari* decision,

---

[1] Plaintiff argues that: (1) the arbitration provisions are unenforceable under either Michigan or federal law; (2) the arbitration provisions are unconscionable under the UCC; (3) the arbitration provisions were not properly part of the agreement between the parties; and (4) forcing Plaintiff to arbitrate in Michigan is inappropriate under the doctrine of *forum non conveniens*. These arguments go to the substance of the arbitration provisions, which are properly at issue in the Michigan action, and are not for this court to decide at this juncture.

3

compels the conclusion that only the Michigan court has jurisdiction to address the validity of the arbitration clauses. "Section 4 is aimed at streamlining the path toward arbitration and preventing scattered attacks in various judicial fora."*Ansari v. Qwest Communications Corp.*, 414 F.3d 1214, 1220 (10th Cir. 2005). A stay of this matter is consistent with that goal.

### Defendant's Motion to Dismiss

Defendant alternatively seeks to dismiss this action pursuant to the forum selection clauses in the arbitration provisions in the POs. "A motion to dismiss based on a forum selection clause is frequently analyzed as a motion to dismiss for improper venue pursuant to Fed. R. of Civ. P. 12(b)(3)." *Wood v. World Wide Ass'n of Specialties Programs & Schools, Inc.*, 2008 WL 4328819, at *1 (D. Utah Sept. 16, 2008) (quoting *Riley v. Kingsley Underwriting Agencies Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992). To dismiss Plaintiff's case, even without prejudice, on the basis of lack of venue would be an implicit statement by this court that the arbitration provisions at issue were potentially if not actually enforceable. For the same reasons that the court is staying this action, the court declines to make such a statement on the validity of the arbitration provisions by dismissing the action.

### CONCLUSION

Based on the above reasoning, Defendant's Motion to Stay is GRANTED and Defendant's Motion to Dismiss is DENIED.

DATED this 28th day of September, 2009.

                                                BY THE COURT:

                                                _____
                                                DALE A. KIMBALL,
                                                United Sates District Judge